This court has reviewed the claims made by defendant in the motion to set aside the verdict and the amended motion to set aside the verdict and has heard the parties in argument. The court has also reviewed the briefs filed by the parties on the specific issue of lost profits.
To the extent the motion to set aside the verdict is based on claimed errors in the charge, the court has reviewed the charge and believes that it is correct as to the law and appropriate as to the references to evidence.
To the extent the motion to set aside the verdict is addressed to rulings on evidence, the court finds no basis to set aside the period verdict as a result of any such rulings.
To the extent the motion to set aside the verdict is based on the court's refusal to direct a verdict as to the first and as to the second count of the complaint, the court finds that there was sufficient evidence in support of the plaintiff's claims to have allowed the matter to go to the jury for a verdict on each count.
To the extent that the motion to set aside the verdict is based on the claim that the verdict was against the evidence, the jury has ample evidence upon which, if given credit by the jury, it could find a violation of CUTPA by the defendant in locking out the plaintiff and in making unfair demands upon the plaintiff if count, he wished to utilize the premises at issue for a muffler shop as had been contracted, including a demand for an increase in rent and an interest in the business. There was also more than adequate evidence to sustain the jury verdict that there had been a breach of contract by the defendant.
The verdict was not excessive or inappropriate. The jury apparently gave credence to most all of the plaintiff's allegations of damage. Certain of the plaintiff's damage claims could be arrived at almost as a mathematical computation: (1) for out of damage, pocket expenditures made in preparation of establishing his business at the subject location, both for expenditures not recovered and for the loss of use of the money for expenditures for which some recovery was secured; (2) for the difference in rent between the breached lease and the lease for the alternate location. These were the most significant damage claims and surely comprised the bulk of the verdict.
In addition the plaintiff claimed lost profit for the several months when he could not operate his business as a result of the defendant's breach and until he could establish himself at the new location.
The defendant has devoted most of his attention in support of CT Page 5545 these motions to set aside the verdict and for remittitur to the issue of lost profits. The defendant contends: (1) that the evidence on lost profits was too speculative to allow any award for lost profits to be sustained; Gordon v. Indusco Management Corporation, 164 Conn. 262, 274-76, 320 A.2d 811 (1973); and (2) that the plaintiff did not plead lost profits as a claim for damage in the complaint; Conway v. Prestia, 191 Conn. 484, 494,464 A.2d 847 (1983).
In the present instance, the plaintiff, who had experience and previously owned and operated Meineke muffler shops, utilized his own experience and the actual profits made for a comparable at the shop he subsequently established at a nearby location. The court is convinced from an examination of the holdings in the cases cited by the plaintiff, e.g., Kay Petroleum Corporation v. Piergrossi, 137 Conn. 620, 624, 79 A.2d 829 (1951) and Granato v. Benettiere, 5 Conn. Cir. Ct. 150, 156-58, 246 A.2d 901 (1958), that the jury had adequate evidence on which reasonably to ascertain lost profits; especially in areas where elements of damages, our Supreme Court has found, "are very often involved in some uncertainty and can be determined only approximately upon reasonable and probable estimates." Kay Petroleum, supra, at 624 (Citations omitted.) In the CUTPA the plaintiff pleaded "ascertainable loss." This is sufficient for the plaintiff to prove actual damages, including lost profit. Conway v. Prestia, 191 Conn. 484, 494, 464 A.2d 847
(1983). As to the generality of the damage pleading in the complaint, the defendant knew that the plaintiff intended to operate a muffler and brake repair shop for profit at the subject location. The plaintiff listed lost profit as an item of damage during pretrial and so the defendant was alerted to this claim; as, in the same way, the plaintiff listed the rental difference as an item of although not specified in the complaint. The defendant did not file a request to revise seeking a more specific statement as to damages. Under these circumstances, the loss of profit from being unable to open and conduct his business at the subject location because of the unfair act of the defendant is readily foreseeable as a natural consequence of the act and of the breach of the agreement.
For the reasons indicated above, the motion for remittitur is also denied. The amount arrived at could have been ascertained with almost mathematical certainty given the evidence presented by the plaintiff as to damages and the substantial lack of any contravening evidence.
The motion for remittitur is denied. CT Page 5545-A
[EDITORS' NOTE: THE CASE THAT PREVIOUSLY APPEARED ON THIS PAGE HAS BEEN MOVED TO CONN. SUP. PUBLISHED OPINIONS.] CT Page 5546